J-S44042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:
v. :
:
TERRANCE WILLIAMS, :
:
Appellant : No. 3498 EDA 2015

Appeal from the Judgment of Sentence October 19, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0015640-2013

BEFORE: BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 31, 2017**

Terrance Williams ("Williams") appeals from the judgment of sentence imposed following his conviction of rape of a child and unlawful contact with a minor.[1] We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural history, which we adopt for the purpose of this appeal. *See* Trial Court Opinion, 6/30/16, at 1-3.

On appeal, Williams raises the following issues for our review:

1. Whether the verdict was contrary to the law based on the elements not being proven[?]

2. Whether [Williams's] sentence was unduly harsh and unreasonable[?]

3. Whether the [trial] court erred in not allowing prior sexual complaints by the [victim] into evidence[?]

---

[1] *See* 18 Pa.C.S.A. §§ 3121(c), 6318(a)(1).

4. Whether the [trial] court erred in not allowing testimony from [victim's] landlord[?]

5. Whether there was prosecutorial misconduct during direct examination of [Williams?]

Brief for Appellant at 8 (capitalization omitted, issues renumbered for ease of disposition).

In his first issue, Williams contends that the evidence was insufficient to establish, beyond a reasonable doubt, all of the elements of the crime of rape of a child. *Id*. at 16-17. Specifically, Williams claims that the Commonwealth failed to prove that he had intercourse with the victim. *Id*. at 17. Williams argues that "the Commonwealth's only evidence to support the alleged rape was testimony from the victim, as well as family members and a friend who did not witness the incident." *Id*. Williams asserts that no evidence of penetration was introduced at trial. *Id*.

With respect to his conviction of unlawful contact with a minor, Williams claims that the Commonwealth did not establish that unlawful contact occurred between Williams and the victim. *Id*. at 19. Williams argues that the only evidence offered by the Commonwealth, to support the allegedly unlawful contact, was the victim's testimony that Williams came to her door and asked about her friend who was sleeping over. *Id*. Williams contends that this communication was not for the purpose of engaging in an unlawful act, and, therefore, does not establish the first element of the crime of unlawful contact with a minor. *Id*.

In its Opinion, the trial court addressed Williams's first issue, set forth the relevant law, and determined that the issue lacks merit. ***See*** Trial Court Opinion, 6/30/16, at 4-6. We agree with the reasoning of the trial court, and affirm on this basis as to Williams's first issue. ***See id***.[2]

In his second issue, Williams contends that his sentence was unduly harsh and unreasonable. Brief for Appellant at 19. Williams asserts that his previous record score was zero, and the offense gravity score for his convictions was fourteen. ***Id***. Williams claims that the sentence range for his offenses was 72 months, plus or minus 12 months. ***Id***. Williams claims that his aggregate sentence of seven to fourteen years in prison exceeds the recommended guidelines for the offenses, and is unduly harsh. ***Id***. Williams argues that, when imposing sentence, the trial court failed to consider his background and lack of criminal history. ***Id***.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

---

[2] Williams also argues that the victim's testimony was not credible because she testified that she was wearing basketball shorts on the night in question, but had told the Special Victims Unit that Williams had pulled her zipper down before he raped her. Brief for Appellant at 17. However, this claim challenges the weight of the evidence, which claim Williams has abandoned on appeal. ***See*** Brief for Appellant at 8 n.1 (wherein Williams indicates that"[a]fter further review, the issue of weight of evidence will not be argued.").

[this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

In its Opinion, the trial court addressed Williams's second issue, and determined that the issue is waived because Williams failed to preserve his discretionary sentencing claim by raising it at sentencing or in a post-sentence motion. ***See*** Trial Court Opinion, 6/30/16, at 7. We agree with the reasoning of the trial court, and affirm on this basis as to Williams's second issue. ***See id***.[3]

In his third issue, Williams contends that the trial court erred by precluding Williams from introducing at trial evidence of the victim's prior claim of sexual abuse. Brief for Appellant at 21. Williams asserts that, "[b]ecause the two incidents shared so many similarities, it should have been let into evidence to show that it is [the victim's] *modus operandi*." ***Id***. Williams claims that the probative value of the evidence outweighed any risk

---

[3] Even if Williams had preserved the issue for our review, we would have concluded that the claim lacks merit, as the trial court had the benefit of a presentence investigation report ("PSI") when it sentenced Williams. ***See Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009) (holding that, where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.").

of prejudice. *Id*. at 21-22. Williams also claims that introduction of this evidence would have impacted the victim's credibility, and created reasonable doubt in the eyes of the jury. *Id*. at 22.

In its Opinion, the trial court addressed Williams's third issue, set forth the relevant law, and determined that the issue lacks merit. *See* Trial Court Opinion, 6/30/16, at 7-9. We agree with the reasoning of the trial court, and affirm on this basis as to Williams's third issue. *See id*.

In his fourth issue, Williams contends that the trial court erred by excluding the testimony of the victim's landlord regarding threats that the victim's mother had made to him. Brief for Appellant at 23. Williams asserts that the victims' mother told the landlord that, if he ever tried to evict her, that she would have her daughter (*i.e.*, the victim) claim that the landlord had raped her. *Id*. Williams claims that the landlord's testimony bore upon the credibility of both the victim and her mother, and would have created reasonable doubt in the eyes of the jury. *Id*. at 24.

In its Opinion, the trial court addressed Williams's fourth issue, set forth the relevant law, and determined that the issue lacks merit. *See* Trial Court Opinion, 6/30/16, at 8, 9. We agree with the reasoning of the trial court, and affirm on this basis as to Williams's fourth issue. *See id*.

In his fifth issue, Williams contends that the Commonwealth engaged in prosecutorial misconduct by requesting a sidebar, when Williams was on the witness stand, to discuss the introduction of prison tapes that the trial

court had already ruled were inadmissible. Brief for Appellant at 22. Williams asserts that the prosecutor knew that the tapes were inadmissible because they had not been provided to the defense until trial. *Id*. Williams claims that, after the prosecutor had requested a sidebar, Williams became upset, and was unable to recover his demeanor for the remainder of his time on the witness stand. *Id*. at 22-23. Williams argues that the prosecutor's only purpose in requesting a sidebar was to upset Williams during his testimony. *Id*. at 23. Williams contends that "[t]he prosecutor acted in bad faith in an attempt to harass and distress [Williams]." *Id*. Williams asserts that the prosecutor's actions infringed on his right to a fair trial, thereby entitling Williams to a new trial. *Id*.

In its Opinion, the trial court addressed Williams's fifth issue, set forth the relevant law, and determined that the issue lacks merit. *See* Trial Court Opinion, 6/30/16, at 9-10. We agree with the reasoning of the trial court, and affirm on this basis as to Williams's fifth issue. *See id*.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017